**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| MONOLITHIC 3D™ INC., | § § § | Case No. |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| SK HYNIX INC., | § § § | |
| Defendant. | § § § | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff MonolithIC 3D™ Inc. ("MonolithIC 3D" or "Plaintiff"), by and through its attorneys, files its Complaint against Defendant SK hynix Inc. (hereinafter, "SK hynix" or "Defendant"), and hereby alleges as follows:

**THE PARTIES**

1.      MonolithIC 3D is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 825 Watter's Creek Boulevard, Building M, Suite 250, Allen, Texas 75013.

2.      On information and belief, SK hynix is a corporation operating under the laws of the Republic of Korea ("Korea"), with its principal place of business located at 2091 Gyeongchung-daero, Bubal-eup, Icheon, Gyeonggi-do, Korea, and may be served pursuant to the provisions of the Hague Convention. SK hynix does business in Texas, directly or through intermediaries, and maintains its principal place of business in Korea.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

4.      This Court has specific and personal jurisdiction over Defendant, consistent with the requirements of the Due Process Clause of the United States Constitution, and the Texas Long Arm Statute. Upon information and belief, Defendant has sufficient minimum contacts with the forum, because Defendant transacts substantial business in the State of Texas, and in this Judicial District. Further, Defendant has, directly or through subsidiaries or intermediaries, committed and continues to commit acts of patent infringement in the State of Texas and in this Judicial District as alleged in this Complaint.

5.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant comprises a foreign company that may be sued in any Judicial District, including the Eastern District of Texas.

6.      Defendant is subject to personal jurisdiction in this Judicial District and has committed acts of patent infringement in this Judicial District. Upon information and belief, Defendant through its own acts and/or through the acts of others, makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District, such that this venue is a fair and reasonable one. Further, Upon information and belief, Defendant has admitted or not contested proper venue in this Judicial District in other patent infringement actions.

7.      SK hynix directly, through its subsidiaries and agents, and through its direct and indirect customers, purposefully and voluntarily places infringing semiconductor memory

modules in the stream of commerce, while knowing, expecting, and intending them to be sold in and purchased and used by consumers in the United States, Texas, and this District.

8.     For example, SK hynix advertises and offers to sell the Accused Products globally, including throughout Texas, and this District, on its websites at https://www.skhynix.com/ and https://product.skhynix.com/. SK hynix distributes "sales kits" and catalogs through its websites, identifying products available for overseas customers to purchase.[1] SK hynix further advertises its overseas locations, stating that "[w]e are securing our place as the leader of the global IT ecosystem of the world."

## We are securing our place as the leader of the global IT ecosystem of the world



[2]

---

[1] https://product.skhynix.com/support/downloads/kits.go.
[2] https://www.skhynix.com/company/UI-FR-CP06/.

9.    SK hynix advertises its operations in Texas. SK hynix's website lists two "sales office[s]" in Texas: one located at 4201 West Parmer Lane Bldg. B, Suite 245, Austin, Texas 78727, and the second located at 20333 Tomball Parkway, Suite 320, Houston, Texas 77070.[3]

10.    Upon information and belief, SK hynix personnel travel to and/or work out of its Texas offices, and direct and control activities of SK hynix's subsidiaries and employees, or agents thereof, in marketing and selling the Accused Products to United States customers.

11.    SK hynix's business includes the manufacture and sale of semiconductor devices, including flash memory ("NAND"), dynamic random access memory ("DRAM"), and CMOS image sensors ("CIS"). As of 2023, NAND flash memory products accounted for 29% of SK hynix's sales, with DRAM products accounting for another 63% of sales.[4]

12.    SK hynix's customers further make, import, ship, distribute, offer for sale, sell, use, and advertise (including offering products and services through websites), SK hynix's infringing high bandwidth memory modules (or products incorporating those infringing memory modules) in the United States, Texas, and this District.

13.    SK hynix also provides support for users and customers of its infringing semiconductor products in the United States, Texas, and this District. For example, SK hynix provides installation, technical, and other support for its products through its website. The website provides an interface for customers, including those in this District, to communicate with SK hynix for additional support. SK hynix also offers online firmware updates and other downloads for its semiconductor memory modules in the United States, Texas, and this District.

---

[3] https://www.skhynix.com/company/UI-FR-CP06/.

[4] https://news.skhynix.com/corporate/fact-sheet/.

14.    SK hynix also sells infringing semiconductor memory modules to third-party business customers, which in turn incorporate the infringing semiconductor memory modules into consumer electronics, including smart phones, servers, computers, tablets, automobiles, graphics cards, and more. SK hynix actively encourages and supports its customers' efforts to use, sell, offer to sell, and import the infringing semiconductor memory modules, after they have been incorporated into consumer electronics.

15.    For example, SK hynix actively promotes and attempts to sell its products in the United States, including through attendance at major events like HPE Discover 2024, Hewlett Packard Enterprise's ("HPE") technology conference, which was held in Las Vegas, Nevada from June 17–20, 2024.[5]

16.    Upon information and belief, as a further example, SK hynix further sells the Accused products to Nvidia Corporation in the United States. For example, NVIDIA uses SK hynix's high-bandwidth DRAM chips in its artificial intelligence processors, and Grace CPU Superchip.

17.    Through its direct and indirect customers, SK hynix has purposefully and voluntarily placed, and contributed to placing, infringing products into the stream of commerce, all the while knowing, expecting, and intending them to be sold, purchased, and used in the United States, including Texas (the second most populous state in the United States) and this District.

18.    SK hynix also directly and/or through its agents and subsidiaries offers to sell, sells, imports, and/or advertises its infringing semiconductor memory modules throughout the United States, including Texas, and this District.

---

[5] Sk hynix Showcases Power of Its Groundbreaking AI Memory Solutions at HPE Discover 2024, available at https://news.skhynix.com/hpe-discover-24-sk-hynix-shows-leading-ai-memory-solutions.

19.     Upon information and belief, SK hynix has derived, and continues to derive, substantial revenue from its infringing acts in Texas, and this District, including from the sale and use of infringing semiconductor memory modules.

20.     SK hynix therefore knows, expects, intends, and desires that its infringing semiconductor products, and electronics containing its infringing semiconductor products, will be sold in the United States, Texas, and this District.

21.     SK hynix has committed acts, and continues to commit acts, within Texas, and this District giving rise to this action. SK hynix has established sufficient minimum contacts with the State of Texas, such that the Court's exercise of jurisdiction over this matter would not offend traditional notions of fair play and substantial justice.

## FACTUAL BACKGROUND

22.     On July 9, 2024, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 12,035,531 (the "'531 Patent") entitled "3D Semiconductor Device and Structure with Logic and Memory." A true and correct copy of the '531 Patent is available at: https://patentimages.storage.googleapis.com/77/ce/15/b6239242954be3/US12035531.pdf.

23.     On October 22, 2024, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 12,125,737 (the "'737 Patent") entitled "3D Semiconductor Device and Structure with Metal Layers and Memory Cells." A true and correct copy of the '737 Patent is                                available                                at: https://patentimages.storage.googleapis.com/12/a1/42/0c37037943750d/US12125737.pdf.

24.     On March 4, 2025, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 12,243,765 (the "'765 Patent") entitled "3D Semiconductor Device and Structure with Metal Layers and Memory Cells." A true and correct copy of the '765 Patent is

available                                                                        at:
https://patentimages.storage.googleapis.com/2b/4f/9c/ab51b415e805c6/US12243765.pdf.

25.     On July 22, 2025, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 12,369,347 (the "'347 Patent") entitled "3D Semiconductor Device and Structure with Metal Layers and a Power Delivery Path." A true and correct copy of the '347 Patent is                    available                    at:                    https:// https://patents.google.com/patent/US12369347B2/en?oq=12%2c369%2c347+.

26.     On July 29, 2025, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 12,376,382 (the "'382 Patent") entitled "3D Semiconductor Device and Structure with Metal Layers." A true and correct copy of the '382 Patent is available at: https:// https://patents.google.com/patent/US12376382B2/en?oq=12%2c376%2c382+.

27.     On November 11, 2025, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 12,469,735 (the "'735 Patent") entitled "3D Semiconductor Device and Structure with Metal Layers and Memory Cells." A true and correct copy of the '735 Patent is                    available                    at:
https://patentimages.storage.googleapis.com/6f/ee/e4/634544493b008f/US8549808.pdf.

28.     MonolithIC 3D is the sole and exclusive owner of all right, title, and interest to and in the '531 Patent, the '737 Patent, the '765 Patent, the '347 Patent, the '382 Patent, and the '735 Patent (collectively the "Patents-in-Suit" or "Asserted Patents"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patent-in-Suit, including the filing of this patent infringement lawsuit. MonolithIC 3D also has the right to recover all damages for past, present, and future infringement of the Patent-in-Suit, and to seek injunctive relief as appropriate under the law.

29.     MonolithIC 3D is an innovator in computer memory, logic, and electro-optics. MonolithIC 3D was originally founded and incorporated in 2009 under the name NuPGA by Zvi Or-Bach, the President and CEO of MonolithIC 3D. NuPGA's mission was to develop programmable logic technology with density, speed, and power approaching application-specific integrated circuits ("ASICs"). While developing improved field-programmable gate array ("FPGA") technology, the NuPGA team discovered a path for practical monolithic 3D integrated circuits ("IC"). Recognizing that this breakthrough and its many related innovations represented a paradigm shift for the entire semiconductor industry, Mr. Or-Bach changed the company strategy to focus on monolithic 3D-ICs, and renamed the company to MonolithIC 3D$^{TM}$ Inc.

30.     MonolithIC 3D has more than 300 U.S. patents related to multi-level IC technology, including  and over 90 U.S. patents related to 3D NAND flash memory technology and over 30 patents related to high bandwidth memory (HBM) technology.

31.     The Patents-in-Suit generally relate to semiconductor memory devices and fabrication methods. The technology of the Patent-in-Suit was variously developed Zvi Or-Bach, Deepak C. Sekar, Brian Cronquist, Israel Beinglass, and Zeev Wurman of Monolithic 3D. Some embodiments of the invention provide 3D stacked NAND integrated circuit and high bandwidth memory integrated circuits. SK hynix uses this technology, for example, in its implementation of NAND memory and high bandwidth memory of the Accused Products.

32.     SK hynix has infringed and is continuing to infringe the Patent-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell and/or importing products comprising 3D memory, including at least all  high bandwidth memory (the "Accused Products"). For example, the Accused Products comprise SK

hynix high bandwidth memory series, including at least all HBM3, HBM3E (*e.g.* H5UG series), and HBM2E (*e.g.* H5WR series).

33.     SK hynix has had knowledge and notice of the Asserted Patents and its infringement thereof, at least as of the filing of this Complaint.

## COUNT I
### (Infringement of the '531 Patent)

34.     Paragraphs 1 through 33 are incorporated by reference, as if fully set forth herein.

35.     MonolithIC 3D has not licensed or otherwise authorized SK hynix to make, use, offer for sale, sell, or import any products that embody the inventions of the '531 Patent.

36.     SK hynix has and continues to directly infringe the '531 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States, products that satisfy each and every limitation of one or more claims of the '531 Patent. These products include at least the Accused Products, such as H5UG7HME03X020R HBM3 high bandwidth memory.







[6] https://product.skhynix.com/products/dram/hbm/hbm3e.go.

37.     For example, Defendant has and continues to directly infringe at least claim 8 of the '531 Patent by making, using, offering to sell, selling, and/or importing into the United States, products that comprise a 3D semiconductor device, the device comprising: a first level comprising a single crystal layer and a memory control circuit, said memory control circuit comprising a plurality of first transistors; a first metal layer overlaying said first single crystal layer; a second metal layer overlaying said first metal layer; a third metal layer overlaying said second metal layer; a plurality of second transistors disposed atop said third metal layer; a plurality of third transistors disposed atop said plurality of second transistors; a fourth metal layer disposed atop said plurality of third transistors; and a memory array comprising word-lines, wherein said memory array comprises at least four memory mini arrays, wherein each of said at least four memory mini arrays comprises at least four rows by at least four columns of memory cells, wherein at least one of said plurality of second transistors comprises a metal gate, wherein each of said memory cells comprises at least one of said plurality of second transistors or at least one of said plurality of third transistors, and wherein said first level comprises at least one in-out interface control circuit.

38.     Each Accused Product comprises a 3D semiconductor device, the device comprising: a first level comprising a single crystal layer and a memory control circuit, said memory control circuit comprising a plurality of first transistors. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.







a memory control circuit, said memory control circuit comprising a plurality of first transistors

Part of HBM Logic Die (Delayered, Optical)

39.    Each Accused Product comprises a first metal layer overlaying said first single crystal layer; a second metal layer overlaying said first metal layer; and a third metal layer overlaying said second metal layer. For example, the H5UG7HME03X020R HBM3 comprises these elements, as demonstrated in the below diagram.



40.     Each Accused Product comprises a plurality of second transistors disposed atop said third metal layer. For example, the HBM logic die comprises an aforementioned third metal layer, further comprising a plurality of second transistors, as demonstrated in the below figures.





41.    Each Accused Product comprises a plurality of third transistors disposed atop said plurality of second transistors. For example, a plurality of third transistors are contained in the second HBM DRAM die over the first HBM DRAM die.



42.    Each Accused Product comprises a fourth metal layer disposed atop said plurality of third transistors. For example, said plurality of third transistors are contained in the second HBM DRAM die, of which the bottom side is displayed in the below figure.



HBM DRAM Cross-section (Interface to HBM DRAM Die, SEM)

43.    Each Accused Product comprises a memory array comprising word-lines, wherein said memory array comprises at least four memory mini arrays, wherein each of said at least four memory mini arrays comprises at least four rows by at least four columns of memory cells. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagram.



44.    Each Accused Product comprises a system wherein at least one of said plurality of second transistors comprises a metal gate, wherein each of said memory cells comprises at least one of said plurality of second transistors, or at least one of said plurality of third transistors. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.





45. Each Accused Product comprises a system wherein said first level comprises at least one in-out interface control circuit. For example, the HBM logic die comprises a large number of I/O interfaces, used to control data and addressing for each of the HBM DRAM dies.



HBM Cross-section (Optical)

46.    SK hynix indirectly infringes one or more claims of the '531 Patent by knowingly and intentionally inducing others, including SK hynix customers and end-users of the Accused Products, and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States, products that include infringing technology, such as H5UG7HME03X020R HBM3.

47.    SK hynix indirectly infringes one or more claims of the '531 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement by others, such as SK hynix's customers and end-users, in this District and elsewhere in the United States. For example, SK hynix's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their use of the inventions claimed in the '531 Patent. SK hynix induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the

Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of SK hynix's inducement, SK hynix's customers and end-users use the Accused Products in a way SK hynix intends, and directly infringe the '531 Patent. SK hynix performs these affirmative acts with knowledge of the '531 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '531 Patent.

48.     SK hynix indirectly infringes one or more claims of the '531 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. SK hynix's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States, and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '531 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '531 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by SK hynix to be especially made or adapted for use in the infringement of the '531 Patent. SK hynix performs these affirmative acts with knowledge of the '531 Patent, and with intent, or willful blindness, that it causes the direct infringement of the '531 Patent.

49.     SK hynix has willfully infringed, and continues to willfully infringe, the '531 Patent by intentionally and deliberately carrying out acts of direct and indirect infringement, while knowing, or taking deliberate steps to avoid learning, that those acts infringe. For example, Upon

information and belief, SK hynix has known of MonolithIC 3D's patents, including the '531 Patent.

50.     MonolithIC 3D has suffered damages as a result of Defendant's direct and indirect infringement, and willful infringement of the '531 Patent, in an amount to be proved at trial.

51.     MonolithIC 3D has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '531 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '737 Patent)

52.     Paragraphs 1 through 33 are incorporated by reference, as if fully set forth herein.

53.     MonolithIC 3D has not licensed or otherwise authorized SK hynix to make, use, offer for sale, sell, or import any products that embody the inventions of the '737 Patent.

54.     SK hynix has and continues to directly infringe the '737 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States, products that satisfy each and every limitation of one or more claims of the '737 Patent. These products include at least the Accused Products, such as H5UG7HME03X020R HBM3 high bandwidth memory.







⁷ https://product.skhynix.com/products/dram/hbm/hbm3e.go.

55.    For example, Defendant has and continues to directly infringe at least claim 15 of the '737 Patent by making, using, offering to sell, selling, and/or importing into the United States, products that comprise A 3D semiconductor device, the device comprising: a first level comprising a first single crystal layer, said first level comprising first transistors, wherein each of said first transistors comprises a single crystal channel; a first metal layer; a second metal layer overlaying said first metal layer; a second level comprising a plurality of second transistors, said second level overlaying said first level; a third level comprising a plurality of third transistors, said third level overlaying said second level; and a fourth level comprising a plurality of fourth transistors, said fourth level overlaying said third level, wherein said second level comprises a plurality of first memory cells, wherein each of said plurality of first memory cells comprises at least one of said second transistors, wherein said fourth level comprises a plurality of second memory cells, wherein each of said plurality of second memory cells comprises at least one of said fourth transistors, wherein said first level comprises memory control circuits, wherein said memory control circuits control writing to said plurality of second memory cells, and wherein said first level comprises a plurality of Through Silicon Via ("TSV").

56.    Each Accused Product comprises a 3D semiconductor device, the device comprising: a first level comprising a first single crystal layer, said first level comprising first transistors, and wherein each of said first transistors comprises a single crystal channel. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.



57.    Each Accused Product comprises a first metal layer; a second metal layer overlaying said first metal layer. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagram.



58.    Each Accused Product comprises a second level, comprising a plurality of second transistors, said second level overlaying said first level. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagram.  Said second metal layers is within the HBM logic die, and the plurality of second transistors include, for example, the DRAM cell access transistors.





59.     Each Accused Product comprises a third level, comprising a plurality of third transistors, said third level overlaying said second level. For example, a plurality of third transistors are contained in the second HBM DRAM die over the first HBM DRAM die.



60.     Each Accused Product comprises a fourth level, comprising a plurality of fourth transistors, said fourth level overlaying said third level. For example, in the same manner depicted above, a plurality of fourth transistors are contained in the third DRAM die over said third level.

61.     Each Accused Product comprises a system wherein said second level comprises a plurality of first memory cells, wherein each of said plurality of first memory cells comprises at least one of said second transistors. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagram. The aforementioned plurality of second transistors include DRAM cell access transistors.



62.     Each Accused Product comprises a system wherein said fourth level, comprises a plurality of second memory cells, wherein each of said plurality of second memory cells comprises at least one of said fourth transistors. For example, the fourth level of the H5UG7HME03X020R HBM3 comprises a plurality of memory cells, each of which comprise transistors, in the same manner as the second level discussed above.

63.     Each Accused Product comprises a system wherein said first level, comprises memory control circuits, and wherein said memory control circuits control writing to said plurality of second memory cells. For example, data to the entire HBM DRAM stack flows through the HBM logic die, and the memory logic control circuits on the logic die control writing to the memory cells.



Part of HBM Logic Die
(Delayered, Optical)

64.    Each Accused Product comprises a system wherein said first level, comprises a plurality of Through Silicon Via ("TSV"). For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagram.



65.    SK hynix indirectly infringes one or more claims of the '737 Patent by knowingly and intentionally inducing others, including SK hynix customers and end-users, of the Accused Products, and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States, products that include infringing technology, such as H5UG7HME03X020R HBM3.

66.    SK hynix indirectly infringes one or more claims of the '737 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement by others, such as SK hynix's customers and end-users, in this District and elsewhere in the United States. For example, SK hynix's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their use of the inventions claimed in the '737 Patent. SK hynix induces this direct infringement through

its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of SK hynix's inducement, SK hynix's customers and end-users use the Accused Products in a way SK hynix intends and directly infringe the '737 Patent. SK hynix performs these affirmative acts with knowledge of the '737 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '737 Patent.

67.     SK hynix indirectly infringes one or more claims of the '737 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. SK hynix's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States, and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '737 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '737 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by SK hynix to be especially made or adapted for use in the infringement of the '737 Patent. SK hynix performs these affirmative acts with knowledge of the '737 Patent and with intent, or willful blindness, that it causes the direct infringement of the '737 Patent.

68.     SK hynix has willfully infringed, and continues to willfully infringe, the '737 Patent by intentionally and deliberately carrying out acts of direct and indirect infringement, while knowing, or taking deliberate steps to avoid learning, that those acts infringe. For example, Upon

information and belief, SK hynix has known of MonolithIC 3D's patents, including the '737 Patent.

69.    MonolithIC 3D has suffered damages as a result of Defendant's direct and indirect infringement and willful infringement of the '737 Patent in an amount to be proved at trial.

70.    MonolithIC 3D has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '737 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

<u>**COUNT III**</u>
**(Infringement of the '765 Patent)**

71.    Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

72.    MonolithIC 3D has not licensed or otherwise authorized SK hynix to make, use, offer for sale, sell, or import any products that embody the inventions of the '765 Patent.

73.    SK hynix has and continues to directly infringe the '765 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States, products that satisfy each and every limitation of one or more claims of the '765 Patent. These products include at least the Accused Products, such as H5UG7HME03X020R HBM3 high bandwidth memory.







---

8 https://product.skhynix.com/products/dram/hbm/hbm3e.go.

74.    For example, Defendant has and continues to directly infringe at least claim 15 of the '765 Patent by making, using, offering to sell, selling, and/or importing into the United States, products that comprise a 3D semiconductor device, the device comprising: a first level comprising a first single crystal layer, said first level comprising first transistors, wherein each of said first transistors comprises a single crystal channel; a first metal layer; a second metal layer overlaying said first metal layer; a second level comprising a plurality of second transistors, said second level overlaying said first level; a third level comprising a plurality of third transistors, said third level overlaying said second level; and a fourth level comprising a plurality of fourth transistors, said fourth level overlaying said third level, wherein said second level comprises a plurality of first memory cells, wherein each of said plurality of first memory cells comprises at least one of said second transistors, wherein said fourth level comprises a plurality of second memory cells, wherein each of said plurality of second memory cells comprises at least one of said fourth transistors, wherein said first level comprises memory control circuits, wherein at least one of said second transistors comprises a metal gate, wherein said memory control circuits control writing to said plurality of second memory cells, and wherein said first level is bonded to said second level.

75.    Each Accused Product comprises a 3D semiconductor device, the device comprising: a first level comprising a first single crystal layer, said first level comprising first transistors, wherein each of said first transistors comprises a single crystal channel. For example, the HBM logic die comprises the first layer of the 3D HBM DRAM stack. The transistor channels are formed in the single crystal silicon substrate. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.





76.     Each Accused Product comprises a first metal layer; a second metal layer overlaying said first metal layer. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagram.



77.     Each Accused Product comprises a second level comprising a plurality of second transistors, said second level overlaying said first level. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams. Said second metal layers is within the HBM logic die, and the plurality of second transistors include, for example, the DRAM cell access transistors.





78.    Each Accused Product comprises a third level comprising a plurality of third transistors, said third level overlaying said second level. For example, a plurality of third transistors are contained in the second HBM DRAM die over the first HBM DRAM die.



79.    Each Accused Product comprises a fourth level comprising a plurality of fourth transistors, said fourth level overlaying said third level. For example, in the same manner depicted above, a plurality of fourth transistors are contained in the third DRAM die over said third level.

80.    Each Accused Product comprises a system wherein said second level comprises a plurality of first memory cells, wherein each of said plurality of first memory cells comprises at least one of said second transistors. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagram. The aforementioned plurality of second transistors include DRAM cell access transistors.



81.    Each Accused Product comprises a system wherein said fourth level comprises a plurality of second memory cells, wherein each of said plurality of second memory cells comprises at least one of said fourth transistors. For example, the fourth level of the H5UG7HME03X020R HBM3 comprises a plurality of memory cells, each of which comprise transistors, in the same manner as the second level discussed above.

82.    Each Accused Product comprises a system wherein said first level comprises memory control circuits. For example, data to the entire HBM DRAM stack flows through the HBM logic die, and the memory logic control circuits on the logic die control writing to the memory cells.



Part of HBM Logic Die
(Delayered, Optical)

83.    Each Accused Product comprises a system wherein at least one of said second transistors comprises a metal gate. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagram.



84.    Each Accused Product comprises a system wherein said memory control circuits control writing to said plurality of second memory cells. For example, as noted above, the aforementioned memory control circuits control on the logic die control writing to the memory cells.

85.    Each Accused Product comprises a system wherein said first level is bonded to said second level. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagram.



86.    SK hynix indirectly infringes one or more claims of the '765 Patent by knowingly and intentionally inducing others, including SK hynix customers and end-users of the Accused Products, and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States, products that include infringing technology, such as H5UG7HME03X020R HBM3.

87.    SK hynix indirectly infringes one or more claims of the '765 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement by others, such as SK hynix's customers and end-users, in this District and elsewhere in the United States. For example, SK hynix's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their use of the inventions claimed in the '765 Patent. SK hynix induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the

Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of SK hynix's inducement, SK hynix's customers and end-users use the Accused Products in a way SK hynix intends and directly infringe the '765 Patent. SK hynix performs these affirmative acts with knowledge of the '765 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '765 Patent.

88.     SK hynix indirectly infringes one or more claims of the '765 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. SK hynix's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States, and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '765 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '765 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by SK hynix to be especially made or adapted for use in the infringement of the '765 Patent. SK hynix performs these affirmative acts with knowledge of the '765 Patent and with intent, or willful blindness, that it causes the direct infringement of the '765 Patent.

89.     SK hynix has willfully infringed, and continues to willfully infringe, the '765 Patent by intentionally and deliberately carrying out acts of direct and indirect infringement, while knowing, or taking deliberate steps to avoid learning, that those acts infringe. For example, Upon

information and belief, SK hynix has known of MonolithIC 3D's patents, including the '765 Patent.

90.    MonolithIC 3D has suffered damages as a result of Defendant's direct and indirect infringement and willful infringement of the '765 Patent in an amount to be proved at trial.

91.    MonolithIC 3D has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '765 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT IV
### (Infringement of the '347 Patent)

92.    Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

93.    MonolithIC 3D has not licensed or otherwise authorized SK hynix to make, use, offer for sale, sell, or import any products that embody the inventions of the '347 Patent.

94.    SK hynix has and continues to directly infringe the '347 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States, products that satisfy each and every limitation of one or more claims of the '347 Patent. These products include at least the Accused Products, such as H5UG7HME03X020R HBM3 high bandwidth memory.





PRODUCTS ▶ DRAM ▶ HBM ▶ HBM3E

## Parts Detail

HBM HBM3

### H5UG7HMD83X020R

| Density | 16Gb |
|---|---|
| KGSD Density | 128Gb |
| Speed | 5.6Gbps |
| Organization | x1024 |
| Voltage (VDD / VDDQ) | 1.1V / 1.1V |

[9] https://product.skhynix.com/products/dram/hbm/hbm3e.go

95. For example, Defendant has and continues to directly infringe at least claim 15 of the '347 Patent by making, using, offering to sell, selling, and/or importing into the United States, products that comprise a 3D semiconductor device, the device comprising: a first level comprising single crystal first transistors, a first metal layer, and a first isolation layer; a second level comprising second transistors and a second isolation layer, wherein said first level is overlaid by said second level; a third level comprising third transistors; a fourth level comprising a single crystal layer, wherein said second level is overlaid by said third level, wherein said third level is overlaid by said fourth level, wherein said third level comprises a third isolation layer, and wherein said third level is bonded to said second level; a power delivery path to said second transistors, wherein at least a portion of said power delivery path is connected to at least one of said first transistors; and a global power distribution metal layer comprising a metal thickness twice thicker than said first metal layer.

96. Each Accused Product comprises A 3D semiconductor device, the device comprising: a first level comprising single crystal first transistors, a first metal layer, and a first isolation layer. For example, the HBM logic die comprises the first layer of the 3D HBM DRAM stack. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.





97.    Each Accused Product comprises a second level comprising second transistors and a second isolation layer, wherein said first level is overlaid by said second level; a third level comprising third transistors; a fourth level comprising a single crystal layer, wherein said second level is overlaid by said third level, wherein said third level is overlaid by said fourth level. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.





98.    Each Accused Product comprises a system wherein said third level comprises a third isolation layer. For example, each HBM DRAM die comprises the same structures. For example, the H5UG7HME03X020R HBM3 further comprises these elements as demonstrated in the below diagrams.



99.    Each Accused Product comprises a system wherein said third level is bonded to said second level. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.



100.    Each Accused Product comprises a power delivery path to said second transistors, wherein at least a portion of said power delivery path is connected to at least one of said first transistors. For example, power to the entire HBM stack including the logic die is routed from the interposer connection to the main system, and at least a portion of a power delivery path connects to both first and second transistors. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagram.



101.    Each Accused Product comprises a global power distribution metal layer comprising a metal thickness twice thicker than said first metal layer. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.



102.    SK hynix indirectly infringes one or more claims of the '347 Patent by knowingly and intentionally inducing others, including SK hynix customers and end-users of the Accused Products, and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States, products that include infringing technology, such as H5UG7HME03X020R HBM3.

103.    SK hynix indirectly infringes one or more claims of the '347 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement by others, such as SK hynix's customers and end-users, in this District and elsewhere in the United States. For example, SK hynix's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their use of the inventions claimed in the '347 Patent. SK hynix induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of SK hynix's inducement, SK hynix's customers and end-users use the Accused Products in a way SK hynix intends and directly infringe the '347 Patent. SK hynix performs these affirmative acts with knowledge of the '347 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '347 Patent.

104.    SK hynix indirectly infringes one or more claims of the '347 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. SK hynix's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States, and

causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '347 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '347 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by SK hynix to be especially made or adapted for use in the infringement of the '347 Patent. SK hynix performs these affirmative acts with knowledge of the '347 Patent and with intent, or willful blindness, that it causes the direct infringement of the '347 Patent.

105.    SK hynix has willfully infringed, and continues to willfully infringe, the '347 Patent by intentionally and deliberately carrying out acts of direct and indirect infringement, while knowing, or taking deliberate steps to avoid learning, that those acts infringe. For example, Upon information and belief, SK hynix has known of MonolithIC 3D's patents, including the '347 Patent.

106.    MonolithIC 3D has suffered damages as a result of Defendant's direct and indirect infringement and willful infringement of the '347 Patent in an amount to be proved at trial.

107.    MonolithIC 3D has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '347 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT V
### (Infringement of the '382 Patent)

108.    Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

109.    MonolithIC 3D has not licensed or otherwise authorized SK hynix to make, use, offer for sale, sell, or import any products that embody the inventions of the '382 Patent.

110.    SK hynix has and continues to directly infringe the '382 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States, products that satisfy each and every limitation of one or more claims of the '382 Patent. These products include at least the Accused Products, such as H5UG7HME03X020R HBM3 high bandwidth memory.





PRODUCTS ▸ DRAM ▸ HBM ▸ HBM3E                                                                    ✕

**Parts Detail**

HBM HBM3

# H5UG7HMD83X020R

| | |
|---|---|
| Density | 16Gb |
| KGSD Density | 128Gb |
| Speed | 5.6Gbps |
| Organization | x1024 |
| Voltage (VDD / VDDQ) | 1.1V / 1.1V |

10

111.    For example, Defendant has and continues to directly infringe at least claim 8 of the '382 Patent by making, using, offering to sell, selling, and/or importing into the United States, products that comprise a semiconductor device, the semiconductor device comprising: a first level comprising a first single crystal silicon layer and a plurality of first transistors; a first metal layer; a second metal layer, wherein interconnection of said plurality of first transistors comprises said first metal layer and said second metal layer; a second level comprising a plurality of second transistors, said second level disposed over said first level; a third level comprising a plurality of third transistors, said third level disposed over said second level; a third metal layer disposed over said third level; a fourth metal layer disposed over said third metal layer; and a via disposed through said second level and through said third level as part of a connection path between said third metal layer to said second metal layer, wherein each of said plurality of second transistors comprises a metal gate, wherein at least one of said metal gates comprises tungsten, wherein said second level comprises a first array of memory cells, wherein said third level comprises a second array of memory cells, wherein formation of said plurality of second transistors comprises a first

---

[10] https://product.skhynix.com/products/dram/hbm/hbm3e.go.

lithography step, and wherein formation of said plurality of third transistors comprises a second lithography step.

112.   Each Accused Product comprises A semiconductor device, the semiconductor device comprising: a first level comprising a first single crystal silicon layer and a plurality of first transistors. For example, the HBM logic die comprises the first layer of the 3D HBM DRAM stack, and the transistor channels are formed in the single crystal silicon substrate. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.





113.    Each Accused Product comprises a first metal layer; a second metal layer, wherein interconnection of said plurality of first transistors comprises said first metal layer and said second metal layer. For example, the transistors of the HBM logic die are interconnected by at least metal 1 and metal 2 as demonstrated in the below diagram.



114.    Each Accused Product comprises a second level comprising a plurality of second transistors, said second level disposed over said first level. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.





115.    Each Accused Product comprises a third level comprising a plurality of third transistors, said third level disposed over said second level. For example, the third level comprises

a second HBM DRAM die over the first HBM DRAM die, which includes transistors in the same manner and configuration as the die discussed above.

116.    Each Accused Product comprises a third metal layer disposed over said third level; a fourth metal layer disposed over said third metal layer; and a via disposed through said second level and through said third level as part of a connection path between said third metal layer to said second metal layer. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.





117.    Each Accused Product comprises a system wherein each of said plurality of second transistors comprises a metal gate, wherein at least one of said metal gates comprises tungsten. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.



118.    Each Accused Product comprises a system wherein said second level comprises a first array of memory cells. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.



119.    Each Accused Product comprises a system wherein said third level comprises a second array of memory cells. For example, the aforementioned third level comprises a second array of memory cells in the same manner and configuration as the aforementioned second level discussed above.

120.    Each Accused Product comprises a system wherein formation of said plurality of second transistors comprises a first lithography step, and wherein formation of said plurality of third transistors comprises a second lithography step. For example, the manufacturing of each layer of the HBM DRAM stack comprises a identical, separate lithography steps for each die. Each lithography step forms a plurality of transistors in each DRAM die as shown above.

121.    SK hynix indirectly infringes one or more claims of the '382 Patent by knowingly and intentionally inducing others, including SK hynix customers and end-users of the Accused Products, and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States, products that include infringing technology, such as H5UG7HME03X020R HBM3.

122.    SK hynix indirectly infringes one or more claims of the '382 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement by others, such as SK hynix's customers and end-users, in this District and elsewhere in the United States. For example, SK hynix's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their use of the inventions claimed in the '382 Patent. SK hynix induces this direct infringement through its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of SK hynix's inducement, SK hynix's customers and end-users use the Accused Products in a way SK hynix intends and directly infringe the '382 Patent. SK hynix performs these affirmative acts with knowledge of the '382 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '382 Patent.

123.    SK hynix indirectly infringes one or more claims of the '382 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. SK hynix's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States, and

causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '382 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '382 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by SK hynix to be especially made or adapted for use in the infringement of the '382 Patent. SK hynix performs these affirmative acts with knowledge of the '382 Patent and with intent, or willful blindness, that it causes the direct infringement of the '382 Patent.

124.    SK hynix has willfully infringed, and continues to willfully infringe, the '382 Patent by intentionally and deliberately carrying out acts of direct and indirect infringement, while knowing, or taking deliberate steps to avoid learning, that those acts infringe. For example, Upon information and belief, SK hynix has known of MonolithIC 3D's patents, including the '382 Patent.

125.    MonolithIC 3D has suffered damages as a result of Defendant's direct and indirect infringement and willful infringement of the '382 Patent in an amount to be proved at trial.

126.    MonolithIC 3D has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '382 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

### COUNT VI
### (Infringement of the '735 Patent)

127.    Paragraphs 1 through 33 are incorporated by reference as if fully set forth herein.

128.    MonolithIC 3D has not licensed or otherwise authorized SK hynix to make, use, offer for sale, sell, or import any products that embody the inventions of the '735 Patent.

129.    SK hynix has and continues to directly infringe the '735 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States, products that satisfy each and every limitation of one or more claims of the '735 Patent. These products include at least the Accused Products, such as H5UG7HME03X020R HBM3 high bandwidth memory.





PRODUCTS ▸ DRAM ▸ HBM ▸ **HBM3E**                                                               ✕

**Parts Detail**

HBM HBM3

# H5UG7HMD83X020R

| | |
|---|---|
| Density | 16Gb |
| KGSD Density | 128Gb |
| Speed | 5.6Gbps |
| Organization | x1024 |
| Voltage (VDD / VDDQ) | 1.1V / 1.1V |

11

130.    For example, Defendant has and continues to directly infringe at least claim 8 of the '735 Patent by making, using, offering to sell, selling, and/or importing into the United States, products that comprise 3d semiconductor device, the device comprising: a first level comprising a first single crystal layer, said first level comprising first transistors, wherein each of said first transistors comprises a single crystal channel; a first metal layer; a second metal layer overlaying said first metal layer; a second level comprising a plurality of second transistors, said second level overlaying said first level; a third level comprising a plurality of third transistors, said third level overlaying said second level; a fourth level comprising a plurality of fourth transistors, said fourth level overlaying said third level, wherein said second level comprises a plurality of first memory cells, wherein each of said plurality of first memory cells comprises at least one of said second transistors, wherein said fourth level comprises a plurality of second memory cells, wherein each of said plurality of second memory cells comprises at least one of said fourth transistors, wherein said first level comprises memory control circuits, wherein at least one of said second transistors comprises a metal gate, wherein said memory control circuits control writing to said plurality of

---

[11] https://product.skhynix.com/products/dram/hbm/hbm3e.go.

second memory cells, and wherein said first level comprises a plurality of Through silicon Via ("TSV").

131.    Each Accused Product comprises a 3D semiconductor device, the device comprising: a first level comprising a first single crystal layer, said first level comprising first transistors, wherein each of said first transistors comprises a single crystal channel. For example, the HBM logic die comprises the first layer of the 3D HBM DRAM stack, and the transistor channels are formed in the single crystal silicon substrate. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.





132.    Each Accused Product comprises a first metal layer; a second metal layer overlaying said first metal layer. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.



133.    Each Accused Product comprises a second level comprising a plurality of second transistors, said second level overlaying said first level. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.





134.    Each Accused Product comprises a third level comprising a plurality of third transistors, said third level disposed over said second level. For example, the third level comprises a second HBM DRAM die over the first HBM DRAM die, which includes transistors in the same manner and configuration as the die discussed above.

135.   Each Accused Product comprises a fourth level comprising a plurality of fourth transistors, said fourth level overlaying said third level. For example, the fourth level comprises a second HBM DRAM die over the first HBM DRAM die, which includes transistors in the same manner and configuration as the die discussed above.

136.   Each Accused Product comprises a system wherein said second level comprises a plurality of first memory cells, wherein each of said plurality of first memory cells comprises at least one of said second transistors. For example the plurality of second transistors comprises the DRAM cell access transistors. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagrams.



137.   Each Accused Product comprises a system wherein said fourth level comprises a plurality of second memory cells, wherein each of said plurality of second memory cells comprises at least one of said fourth transistors For example, the aforementioned fourth level comprises a

second array of memory cells in the same manner and configuration as the aforementioned second level discussed above.

138.    Each Accused Product comprises a system wherein at least one of said second transistors comprises a metal gate. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagram.



139.    Each Accused Product comprises a system wherein said memory control circuits control writing to said plurality of second memory cells. For example, data to the entire HBM DRAM stack flows through the HBM logic die, and the memory control circuits on the HBM logic die control writing to the memory cells. For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagram.



Part of HBM Logic Die
(Delayered, Optical)

140.    Each Accused Product comprises a system wherein said first level comprises a plurality of Through silicon Via ("TSV"). For example, the H5UG7HME03X020R HBM3 comprises these elements as demonstrated in the below diagram.



141.    SK hynix indirectly infringes one or more claims of the '735 Patent by knowingly and intentionally inducing others, including SK hynix customers and end-users of the Accused Products, and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States, products that include infringing technology, such as H5UG7HME03X020R HBM3.

142.    SK hynix indirectly infringes one or more claims of the '735 Patent, as provided by 35 U.S.C. § 271(b), by inducing infringement by others, such as SK hynix's customers and end-users, in this District and elsewhere in the United States. For example, SK hynix's customers and end-users directly infringe, either literally or under the doctrine of equivalents, through their use of the inventions claimed in the '735 Patent. SK hynix induces this direct infringement through

its affirmative acts of manufacturing, selling, distributing, and/or otherwise making available the Accused Products, and providing instructions, documentation, and other information to customers and end-users suggesting that they use the Accused Products in an infringing manner, including technical support, marketing, product manuals, advertisements, and online documentation. Because of SK hynix's inducement, SK hynix's customers and end-users use the Accused Products in a way SK hynix intends and directly infringe the '735 Patent. SK hynix performs these affirmative acts with knowledge of the '735 Patent and with the intent, or willful blindness, that the induced acts directly infringe the '735 Patent.

143.    SK hynix indirectly infringes one or more claims of the '735 Patent, as provided by 35 U.S.C. § 271(c), by contributing to direct infringement by others, such as customers and end-users, in this District and elsewhere in the United States. SK hynix's affirmative acts of selling and offering to sell the Accused Products in this District and elsewhere in the United States, and causing the Accused Products to be manufactured, used, sold, and offered for sale contributes to others' use and manufacture of the Accused Products, such that the '735 Patent is directly infringed by others. The accused components within the Accused Products are material to the invention of the '735 Patent, are not staple articles or commodities of commerce, have no substantial non-infringing uses, and are known by SK hynix to be especially made or adapted for use in the infringement of the '735 Patent. SK hynix performs these affirmative acts with knowledge of the '735 Patent and with intent, or willful blindness, that it causes the direct infringement of the '735 Patent.

144.    SK hynix has willfully infringed, and continues to willfully infringe, the '735 Patent by intentionally and deliberately carrying out acts of direct and indirect infringement, while knowing, or taking deliberate steps to avoid learning, that those acts infringe. For example, Upon

information and belief, SK hynix has known of MonolithIC 3D's patents, including the '735 Patent.

145.    MonolithIC 3D has suffered damages as a result of Defendant's direct and indirect infringement and willful infringement of the '735 Patent in an amount to be proved at trial.

146.    MonolithIC 3D has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '735 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, MonolithIC 3D prays for relief against Defendant as follows:

a.    Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of the Patent-in-Suit;

b.    Entry of judgment declaring that SK hynix's infringement of the Patent-in-Suit is willful;

c.    Entry of a preliminary injunction enjoining SK hynix from making, using, importing, offering to sell, and/or selling the Accused Products;

d.    Entry of a permanent injunction enjoining SK hynix from making, using, importing, offering to sell, and/or selling the Accused Products;

e.    An order awarding damages sufficient to compensate MonolithIC 3D for Defendant's infringement of the Patent-in-Suit, but in no event less than a reasonable royalty, including supplemental damages post-verdict, together with pre-judgment and post-judgment interest and costs;

f.      Entry of judgment declaring that this case is exceptional and awarding MonolithIC 3D its costs and reasonable attorneys' fees under 35 U.S.C. § 285;

g.      An accounting for acts of infringement;

h.      Such other equitable relief which may be requested, and to which the Plaintiff is entitled; and

i.      Such other and further relief as the Court deems just and proper.

Dated: November 26, 2025                          Respectfully submitted,

                                                 /s/ Peter Lambrianakos
                                                 Alfred R. Fabricant
                                                 NY Bar No. 2219392
                                                 Email: ffabricant@fabricantllp.com
                                                 Peter Lambrianakos
                                                 NY Bar No. 2894392
                                                 Email: plambrianakos@fabricantllp.com
                                                 Vincent J. Rubino, III
                                                 NY Bar No. 4557435
                                                 Email: vrubino@fabricantllp.com
                                                 **FABRICANT LLP**
                                                 411 Theodore Fremd Avenue
                                                 Suite 206 South
                                                 Rye, New York 10580
                                                 Telephone: (212) 257-5797
                                                 Facsimile: (212) 257-5796

                                                 **ATTORNEYS FOR PLAINTIFF
                                                 MONOLITHIC 3DTM INC.**